■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BOLLAR, Appellant. [596 NYS2d 120] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered January 29, 1991, convicting him of rape in the first degree and sexual abuse in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant, a registered nurse, stands convicted of raping the complainant, a patient under his care. The complainant was bedridden with muscular dystrophy and was dependent upon a life support system. According to the complainant's testimony, on the night in question, she had summoned the defendant into her bedroom to change her diaper and clean her. In accordance with his duties, he took off her

clothes and cleaned her. However, he then removed his clothes, climbed onto her bed and began to have sex with her. The defendant acknowledged that they had sex but maintained that the act was consensual, and that the two had done it before.

We agree with the defendant that the court erred by failing to admit into evidence a note that the complainant had written to the defendant. In the note the complainant thanked the defendant for his help, with much appreciation, and gave him instructions regarding the care of her son. In support of his defense of consent (see, Penal Law § 130.05), the defendant sought to use the note to demonstrate the complainant's state of mind. Although the note was undated, there was evidence in the record from which the fact-finder could conclude that it had been written after the alleged rape. Because we find the evidence of guilt in this case to be less than overwhelming, the error in refusing to admit the note was not harmless. Accordingly, we reverse the defendant's conviction and order a new trial.

The defendant's remaining contentions are without merit. Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.